IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CELESTE A. GASKINS,                    :
     Plaintiff,                          :
                                         :        CIVIL ACTION
  v.                                      :        No. 05-5116
                                         :
JO ANNE B. BARNHART,                   :
COMMISSIONER OF THE                    :
SOCIAL SECURITY ADMINISTRATION,        :
     Defendant.                          :
_____

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                **March 12, 2007**

Before the Court are the parties' cross-motions for summary judgment, United States Magistrate Judge Timothy R. Rice's Report and Recommendation ("R & R"), and Plaintiff's objections thereto.  Upon careful review of the record, the Court finds that substantial evidence supports the Administrative Law Judge's ("ALJ's") opinion that Plaintiff Celeste A. Gaskins does not qualify for Supplemental Security Income ("SSI") because her complaints fail to warrant a finding of disability.  Accordingly, the Court denies Plaintiff's Motion for Summary Judgment and instead grants Defendant's Motion for Summary Judgment.

### PROCEDURAL AND FACTUAL HISTORY

The Court herein incorporates by reference the procedural and factual history set forth in Magistrate Judge Rice's well-reasoned and thorough R & R [Document No. 14].

### DISCUSSION

Plaintiff objections to the R & R are primarily based on Judge Rice's alleged failure to sufficiently consider Plaintiff's mental limitations in determining whether Plaintiff is

capable of returning to her former mail-clerk position.[1]  The Court will consider Plaintiff's specific objections to the R & R, but will also independently assess the ALJ's overall findings and the complete administrative record.

As set forth in the R & R, if the factual findings of the Commissioner are supported by substantial evidence, they must be accepted as conclusive.[2]  Moreover, if the ALJ's findings of fact are supported by substantial evidence, the Court is bound by those findings, even if the Court would have decided the factual inquiry differently.[3]  The Court notes, however, that "leniency [should] be shown in establishing claimant's disability."[4]

The Social Security Administration is guided by a five-step system of sequential analysis for the evaluation of disability claims.[5]  A claimant is disabled if she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental

---

[1] See Pl.'s Objections to Mag. J.'s Rep. & Rec. ¶¶ 6, 41.

[2] See Richardson v. Perales, 402 U.S. 389, 390 (1971) (citing 42 U.S.C. § 405(g)); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

[3] See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).

[4] Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

[5] See 20 C.F.R. §§ 416.920(a)(4)(i-iv) (2006).  ("These are the five steps we follow: (i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled. . . .  (ii) At the second step, we consider the medical severity of your impairment(s).  If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .  (iii) At the third step, we also consider the medical severity of your impairment(s).  If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .  (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past relevant work, we will find that you are not disabled. . . .  (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work.  If you can make an adjustment to other work, we will find that you are not disabled.  If you cannot make an adjustment to other work, we will find that you are disabled.").

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[6]  The claimant can satisfy her burden by showing an inability to return to her past relevant work.[7]   Once this showing is made, the burden of proof shifts to the Commissioner to show that the claimant, given her age, education, and work experience, has the ability to perform specific jobs that exist in the economy.[8]  Under 20 C.F.R. § 416.972, work can be considered substantial even if it is done on a part-time basis or if less money is earned or work responsibilities are lessened from previous employment.

Plaintiff argues that the ALJ considered only Plaintiff's physical limitations in determining that Plaintiff could return to her previous job as a mail clerk.[9]  This, Plaintiff alleges, is semi-skilled work, and Plaintiff's mental limitations should have been considered by the ALJ.[10]  Moreover, Plaintiff argues that the R & R fails to properly account for Plaintiff's dysthymic disorder and gives insufficient weight to the medical opinion of Plaintiff's treating physician, Dr. Parsia.[11]  The Court, however, disagrees with Plaintiff's assertions on two grounds.

First, as set forth in the R & R, the ALJ sufficiently established that Plaintiff's

---

[6] 20 C.F.R. § 416.905 (2006) ("the duration requirement").

[7] Rutherford, 399 F.3d at 551.

[8] 20 C.F.R. § 416.920; see Rutherford, 399 F.3d at 551.

[9] See Pl.'s Objections to Mag. J.'s Rep. & Rec. ¶ 6.

[10] Id.

[11] Id. ¶¶ 26, 28, 29.

3

credibility is at issue.  While the ALJ did take into account Plaintiff's subjective complaints of pain, the ALJ stated clear reasoning for his adverse finding—Plaintiff was "able to mop with difficulty, do laundry, cook, clean, shop, take public transportation, take her granddaughter to and from school, and take her girlfriend to and from doctor's appointments."[12]   More importantly, Plaintiff's testimony was wrought with inconsistencies.  These inconsistencies included:

1.   Plaintiff's claim that she could not lift more than five pounds even though she admitted caring for her granddaughter from infancy to age eleven;

2.   Plaintiff's claim that she could barely walk a half-block even though she later acknowledged that she could walk ten blocks, round trip, to shop for groceries;

3.   Dr. Parsia's claim that Plaintiff was unable to sustain an ordinary routine without supervision even though Plaintiff admitted to performing her own household chores, providing extensive care for her granddaughter, and taking medicine regularly without assistance; and

4.   Dr. Parsia's claim that Plaintiff was limited in her ability to perform activities within a schedule, maintain attendance, and be punctual, even though Plaintiff admitted she was never late for her appointments.[13]

With respect to point four above, the Court agrees with Plaintiff in that it is insufficient to base a finding of an ability to perform activities within a schedule, maintain attendance, and be punctual based solely on the fact that Plaintiff was never late for her appointments.  The Administrative Record, however, clearly sets forth additional evidence supporting this conclusion.  At the

---

[12] See Mag. J.'s Rep. & Rec., at 10 (citing Tr. 16).

[13] See id.

4

October 10, 2003 Social Security Hearing, Plaintiff testified that she cared for her then eleven-year-old granddaughter, took her granddaughter to and from school on a daily basis, and brought her granddaughter to all scheduled doctor's appointments.[14]  This alone establishes Plaintiff's ability to perform activities within a schedule, maintain attendance, and be punctual. Accordingly, in light of these inconsistencies and upon consideration of Plaintiff's ability to perform daily functions, the ALJ found substantial evidence supported a denial of SSI.

Second, as set forth in the R & R, the ALJ carefully examined the medical opinions presented by both Dr. Amanullah and Dr. Parsia and had sufficient evidence to credit Dr. Amanullah's conclusion that Plaintiff's affective disorder was not severe.  Although a treating physician's conclusion should be accorded great weight, it may be rejected if it is unsupported by sufficient clinical data[15] or contradicted by other medical evidence.[16] Contrary to Plaintiff's assertions, the ALJ reviewed each of Dr. Parsia's and Dr. Amanullah's assessments—including Dr. Parsia's assessment made after Dr. Amanullah issued his opinion where he estimated Plaintiff's global assessment of functioning ("GAF") score at 55. Unpersuaded by Dr. Parsia's assessments, the ALJ denied Plaintiff SSI.  "Although Dr. Parsia's assessment predicted Gaskins would suffer marked limitations in most areas of functioning, the ALJ noted this prediction was 'based solely upon a nearly normal mental status examination on June 13, 2003, and a brief and uninformative medication check on July 11, 2003."[17]  "At her first

---

[14] Tr. at 349, 365, 369, 371, & 390.

[15] Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985).

[16] Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

[17] Mag. J.'s Rep. & Rec., at 13 (citing Tr. at 17).

examination, Dr. Parsia found Gaskins had a normal thought process, good insight, normal perception, good memory, fair judgment, and appeared neat and well groomed.  Gaskins said she felt less depressed and was satisfied with her medication."[18]  Moreover, Dr. Parsia used a check-box form to indicate Plaintiff's functional limitations which merits little weight,[19] and Dr. Parsia's dysthemic-disorder determinations failed to detail the cause and extent of Plaintiff's alleged disorder.

Dr. Amanullah, however, found only mild limitations on Plaintiff's activities of daily living, in maintaining social functioning, and in maintaining concentration, persistence, or pace.[20]  Dr. Amanullah deemed Plaintiff's alleged affective-disorder limitations unsupported because Plaintiff could read books, socialize appropriately, use public transportation, shop, and cook.[21]  In light of these findings, substantial evidence existed for the ALJ to adopt Dr. Amanullah's assessment and reject Dr. Parsia's contradictory assessment.

CONCLUSION

Ultimately, because substantial evidence supports the ALJ's findings, the Court must accept the ALJ's findings as conclusive.  Therefore, Plaintiff is found to be capable of returning to substantial gainful activity, including her past position as a mail clerk, and is not entitled to SSI.  Accordingly, the Court adopts Judge Rice's R & R and grants Defendant's Motion for Summary Judgment.  An appropriate order follows.

---

[18] Id. at 13-14 (citing Tr. at 212, 215).

[19] See Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1995).

[20] Tr. at 169.

[21] Id. at 171.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CELESTE A. GASKINS,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | No. 05-5116 |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **COMMISSIONER OF THE** | : | |
| **SOCIAL SECURITY ADMINISTRATION,** | : | |
| **Defendant.** | : | |

_____

## <u>ORDER</u>

      **AND NOW**, this 12th day of March 2007, after careful review and independent consideration of the parties' cross-motions for summary judgment [Document Nos. 8 and 11], and after careful review of the Report and Recommendation ("R & R") of United States Magistrate Judge Timothy R. Rice [Document No. 14] and Plaintiff's Objections thereto [Document No. 16], it is hereby

      **ORDERED** that:

    1.  Plaintiff's Objections are **DENIED**, **DISMISSED**, and **OVERRULED**.

    2.  The R & R is **APPROVED** and **ADOPTED**.

    3.  Plaintiff's Motion for Summary Judgment [Document No. 8] is **DENIED**.

    4.  Defendant's Motion for Summary Judgment [Document No. 11] is **GRANTED**.

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED**.

               **BY THE COURT:**

               **/s/ Cynthia M. Rufe**
               **CYNTHIA M. RUFE, J.**